UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Prime Pork, LLC,<br><br>    Petitioner,<br><br>v.<br><br>NBO3 Technologies, LLC and H3 Enterprises, LLC,<br><br>    Respondents. | Court File No. _____<br><br>**PETITION FOR CONFIRMATION OF ARBITRATION AWARD** |

On March 28, 2019, Arbitrator Hon. Jeffrey J. Keyes (ret.) issued an Award and Memorandum ("Award") in the above referenced matter, finding that Respondent Counterclaimant and Third Party Claimant Prime Pork, LLC ("Prime Pork") had properly terminated its Joint Marketing and Distribution Agreement dated September 28, 2016 with NB03 Technologies, LLC and H3 Enterprises, LLC (collectively "NBO3 Entities"), based on their breach of their best efforts obligations.[1]

The award followed an eight day arbitration hearing in Minneapolis at the offices of the NBO3 Entities' counsel, in which all parties fully participated. Following the arbitration and extensive post-trial briefing, the Arbitrator issued the Award. The Arbitrator denied NBO3's claim for wrongful termination, denied its claim for both damages and injunctive relief based on alleged misappropriation of confidential information, denied its claim for an adverse inference sanction based on the claim that

---

[1] See Ex. 1 to the Declaration of Alain M. Baudry ("Baudry Dec.").

Prime Pork had perpetrated a fraud on the tribunal, denied its claim for certain credits, determined that NBO3 was entitled to certain payments from Prime Pork and that Prime Pork was entitled to certain payments from the NBO3 Entities and denied Prime Pork's claim for damages for breach of best efforts and underpayment of shipping costs, resulting in a net award in Prime Pork's favor of $1,915,120 "in full settlement of all claims and counterclaims submitted to this Arbitration. " (Award at 2).  The Arbitrator further expressly held that "[a]ll claims and counterclaims not expressly granted herein are expressly denied." (Id.).

The NBO3 Entities have refused to pay the award.  Accordingly, Prime Pork hereby petitions this Court, pursuant to 9 U.S.C. § 9, to confirm the arbitration award.  The petition should be granted and the arbitration award confirmed because the arbitration was in all respects proper, the Arbitrator issued a reasoned decision after consideration of all the evidence and arguments of the parties, and the award is final and binding.

I. **Factual Background**

A. **The Underlying Arbitration Clause**

In 2016 Glen Taylor decided to acquire a pork packing plant in Windom Minnesota, near his hometown where he grew up in order to give back to his community.  He named the company Prime Pork.  Prime Pork had no experience distributing pork and so on September 28, 2016 entered into a Joint Marketing and Distribution Agreement

("Agreement")[2] with the NBO3 Entities pursuant to which they assumed full responsibility for the sale and marketing of all meat produced by Prime Pork.

The Agreement contained a broad arbitration clause in §8.2 which provides in pertinent part as follows:

> **Other Contract Disputes.** Any dispute or claim arising out of this Agreement …will be resolved and submitted to binding arbitration administered by the American Arbitration Association, under its Commercial Arbitration Rules. The place for the arbitration shall be Minneapolis, Minnesota.

### B. Procedural Background

NBO3 commenced this AAA arbitration on May 3, 2018 seeking appointment of an emergency arbitrator to hear NBO3's motion for emergency injunctive relief.[3] The emergency relief sought included that Prime Pork be enjoined from disparaging NBO3 in the marketplace, that Prime Pork be enjoined from using a unified story strategy for marketing pork products, that Prime Pork be enjoined from marketing port based on the basis of feed systems or grain feed mixes developed, researched or suggested by NBO3, that Prime Pork be enjoined from using any customer information that Prime Pork acquired from NBO3, and that Prime Pork be required to destroy or return all NBO3's confidential information. The AAA appointed Leo Stern as Emergency Arbitrator and he denied NBO3's emergency motion.[4] Prime Pork filed its answer and counterclaim against NBO3

---

[2] Ex. 2 to Baudry Dec.
[3] Baudry Decl., Ex. 3.
[4] Baudry Dec., Ex. 4 and 5.

and also asserted third party claims against H3. H3 filed an Answer, and NBO3 filed an Amended Arbitration Demand.[5]

The AAA appointed the former United States District Court Magistrate Jeffrey J. Keyes as the Arbitrator.[6] The Arbitrator issued an Order for pre-hearing discovery and set the arbitration for hearing commencing November 28, 2018.[7] The Arbitration commenced on November 29 and took place over 8 consecutive days, ending on December 5.  Both sides prepared voluminous post-hearing briefs and proposed findings of fact.[8]  The Arbitrator resolved all claims, counterclaims and third party claims through the Award.

## ARGUMENT

### I. This Court Has Jurisdiction over Prime Pork's Petition Pursuant to 28 U.S.C. §1332.

This Court has jurisdiction to hear Prime Pork's petition pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and by virtue of the Award, the amount in controversy in well in excess of $ 75,000 exclusive of costs and interests. Here all the parties to the arbitration are LLC's. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofules, LLC v. Biothane, LLC,* 781 F.3d 972, 975 (8th Cir. 2015) (quoting *One Point Solutions, LLC,* 486 F.3d at 346). "Because a member of a limited liability company may itself have multiple members—and

---

[5] Baudry Dec., Ex. 6 and 7.
[6] Baudry Dec. Ex. 8.
[7] Baudry Dec., Ex. 9.
[8] Baudry Dec., Ex. 10-17.

thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Key Enterprises, LLC v. Morgan, No. 12-CV-2628*, 2013 W.L.353911 at * 1 (D. Minn. January 29, 2013).

The underlying members of the NBO3 Entities on the one hand, and Prime Pork on the other, are clearly individuals from different states. The members of NBO3, LLC are Todd Hansen, a resident of Manhattan Kansas and H3 an LLC holding company. The sole members of H3 are Todd Hansen and his brother Shon Hansen, both residents of Manhattan Kansas. The sole member of Prime Pork is Glen Taylor, a Minnesota resident. There is complete diversity, therefore.

## II. The Federal Arbitration Act Vests this Court with the Authority to Confirm the Award.

Pursuant to 9 U.S.C. § 9, a district court may confirm an arbitration agreement "if the parties "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." The United States Supreme Court has held this statutory language permissive rather than mandatory, thus, that a motion to confirm, vacate, or modify an arbitration award may made "either where the award was made or in any district proper under the general venue statute." *Cortez Byrd Chips, Inc. v. Bill Habert Const. Co.*, 529 U.S. 193, 195 (2000) (emphasis added). Here the arbitration award was made within this district, so venue is proper here. Additionally, it is proper to enter the arbitration award in this Court because Rule 52(c) of the American Arbitration

4846-2826-9716.1

Association Commercial Rules, incorporated by reference into the Agreement, expressly provide that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

**III.     The Award Should be Confirmed.**

The Federal Arbitration Act (FAA) "provides for expedited judicial review to confirm, vacate, or modify arbitration awards." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 578, (2008). Under Section 9 of the Act, the court "must" confirm an arbitration award "unless" it is vacated, modified or corrected. *Id.*

The FAA authorizes a district court to vacate an arbitration award in only limited circumstances, and in the absence of one of them the award must be confirmed. *Id.* Specifically, Section 10 of the FAA states that a federal court may vacate an arbitration award:

(1.) where the award was procured by corruption, fraud, or undue means;

(2.) where there was evident partiality or corruption in the arbitrators, or either of them;

(3.) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4.) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (2012). Section 11 further provides that the district court may modify an award only if:

(a.) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b.) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c.) Where the award is imperfect in matter of form not affecting the merits of the controversy. The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

No other grounds exist for vacating an arbitration award. *Hall St. Assoc.*, 552 U.S. at 578 ("We hold that the statutory grounds are exclusive."); *Beumer Corp. v. ProEnergy Servs., LLC*, 899 F.3d 564, 565 (8th Cir. 2018) ("Sections 10 and 11 set forth the exclusive grounds for vacating or modifying an award."); *Med. Shoppe Int'l, Inc. v. Turner Investments, Inc.,* 614 F.3d 485, 489 (8th Cir. 2010) ("We have previously recognized the holding in *Hall Street* and similarly hold now that an arbitral award may be vacated only for the reasons enumerated in the FAA."). Given the extraordinarily deferential deference given to arbitration awards, the NBO3 Entities cannot possibly make a showing that any statutory grounds exist for modifying the Arbitrator's careful, well-reasoned Award.

"[J]udicial review of the merits of an arbitrator's award is conducted under an extremely deferential standard of review." *Brown v. Brown-Thill*, 762 F.3d 814, 818 (8th Cir. 2014); *see also Unison Co., Ltd. v. Juhl Energy Development, Inc.*, No. 13-cv-3342, 2018 WL 4426204 at *3 (D. Minn. Sept. 17, 2018) ("When reviewing an arbitral award, courts accord an extraordinary level of deference to the underlying award itself.") (citing *Stark v. Sandberg, Phoenix & von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004)); *Bhd.*

*of Maint. Of Way Employees v. Terminal R.R. Ass'n*, 307 F.3d 737,739 (8th Cir. 2002) (the scope of review of an arbitration award "is among the narrowest known to the law").

This means that as long as the arbitrator "is even arguably construing or applying the contract and acting within the scope of [her] authority," the court must confirm the award. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987). A court has "no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract." *Med. Shoppe Int'l*, 614 F.3d at 488 (citation omitted).

Arbitrator Keyes issued a well-reasoned Award based on the law and the facts presented. The Award is entitled to extreme deference and must be confirmed.

Dated: April 19, 2019

**KUTAK ROCK LLP**

By: */s/Alain M. Baudry*
Alain M. Baudry (MN No. 0186685)
Matthew R. Veenstra (MN No. 0392517)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
Tel: (612) 334-5000
Alain.baudry@kutakrock.com
Matthew.veenstra@kutakrock.com

*Attorneys for Petitioner Prime Pork, LLC*