**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Prime Pork, LLC, | Court File No. _____ |
| Petitioner, | |
| v. | **APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD** |
| NBO3 Technologies, LLC and H3 Enterprises, LLC, | |
| Respondents. | |

Petitioner, Prime Pork, LLC ("Prime Pork") seeks to confirm an arbitration award of $1,915,120 against Respondents NBO3 Technologies, LLC and H3 Enterprises, LLC. For its Application for Confirmation of Arbitration Award, Petitioner states and alleges as follows:

## THE PARTIES

1. Prime Pork is a Minnesota LLC with its principal place of business in Windom, Minnesota. Prime Pork's sole member is Glen Taylor, a resident of the state of Minnesota.

2. Respondent NBO3 Technologies, LLC ("NBO3") is a Kansas LLC with its principal place of business in Manhattan, Kansas. NBO3 has two members: (1) Todd Hansen; and (2) H3 Enterprises, LLC ("H3"). Todd Hansen is a resident of the state of Kansas. H3 is a Kansas LLC. It has two members: (1) Todd Hansen; and (2) his brother, Shon Hansen. Shon Hansen is a resident of the state of Kansas.

**JURISDICTION AND VENUE**

3. This Court has power to hear this dispute pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9. By incorporating the AAA Rules of Commercial Arbitration, the parties contractually agreed that judgment may be entered in any court having jurisdiction thereof. Moreover the arbitration was conducted in and the award was made in Minneapolis, Minnesota.

4. The subject matter jurisdiction of this Court is based on 28 U.S.C. § 1332. The amount in controversy, as defined by the Award, exclusive of costs and interest, exceeds $75,000. There is complete diversity in citizenship as between respective Petitioner, a Minnesota LLC, and Respondents, two Kansas LLCs because their constituent members are individuals from different states, Minnesota and Kansas.

5. Venue is proper in this district pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391. Additionally, Respondents consented to venue in this district by contractually agreeing that the Arbitration would be venued in this district.

6. On September 82, 2016, Petitioner and Respondents entered into a Joint Marketing and Distribution Agreement that contains an arbitration clause in § 8.2. A true and correct copy of the agreement is attached as **Exhibit 1**.

7. NBO3 commenced arbitration against Prime Pork in May 2018 arising out of Prime Pork's termination of NBO4 and H3 as its exclusive distributor.

8. The American Arbitration Association appointed Hon. Jeffrey J. Keyes (ret) as Arbitrator. On April 12, 2019, Arbitrator Keyes issued an Award and Memorandum ("Award"). A true and correct copy of the Award is attached as **Exhibit 2**.

9.Grounds for confirmation of the Award is more fully set forth in Prime Pork's accompanying Petition for Confirmation of Arbitration Award and Declaration of Alain M. Baudry.

Dated: April 19, 2019

**KUTAK ROCK LLP**

By: */s/Alain M. Baudry*
Alain M. Baudry (MN No. 0186685)
Matthew R. Veenstra (MN No. 0392517)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
Tel: (612) 334-5000
Alain.baudry@kutakrock.com
Matthew.veenstra@kutakrock.com

*Attorneys for Petitioner Prime Pork, LLC*