UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Prime Pork, LLC,

Plaintiff,

v.

NBO3 Technologies, LLC, and H3 Enterprises, LLC,

Defendants.

Case No. 19-cv-1074 (WMW/KMM)

**ORDER CONFIRMING ARBITRATION AWARD**

---

In this contract dispute between Petitioner Prime Pork, LLC (Prime Pork), and Respondents NBO3 Technologies, LLC (NBO3), and H3 Enterprises, LLC (H3), Prime Pork petitions this Court to confirm an arbitration award against Respondents. (Dkt. 1.) H3 opposes the confirmation of the arbitration award as against it, asserting that the arbitration award imposes no liability on H3. (Dkt. 16.) NBO3 separately moves to partially vacate the arbitration award as against it. (Dkt. 23.) For the reasons addressed below, NBO3's motion to partially vacate the arbitration award as against it is denied and the arbitration award is confirmed as against NBO3.

## BACKGROUND

Prime Pork is a Minnesota limited liability company that owns and operates a meat packing plant in Windom, Minnesota. NBO3 and H3 are Kansas limited liability companies. In September 2016, Prime Pork entered into a Joint Marketing and Distribution Agreement (the Agreement) with NBO3 and H3 for the sale and marketing of the meat produced by Prime Pork. The terms of the Agreement include, among other

things, Prime Pork's utilization of NBO3's Omega-3 enriched feed system to produce higher quality pork products. The Agreement also includes an arbitration clause, which provides that any dispute arising out of the Agreement must be submitted to binding arbitration.

After Prime Pork terminated the Agreement in May 2018, NBO3 commenced arbitration against Prime Pork for breach of contract. Prime Pork filed an answer and counterclaim against NBO3 and asserted third-party claims against H3. The arbitrator[1] conducted an 8-day arbitration hearing in November and December 2018. On March 28, 2019, the arbitrator issued a 25-page written arbitration award that resolved all claims and counterclaims, resulting in a net award to Prime Pork of $1,915,120. Prime Pork subsequently commenced this action seeking confirmation of the arbitration award as against both NBO3 and H3. In response, H3 opposes confirmation of the arbitration award as against it. And NBO3 separately moves to partially vacate the arbitration award as against it.

## ANALYSIS

The Federal Arbitration Act (FAA) provides that a district court must confirm an arbitration award unless the award is vacated, modified, or corrected as permitted by the FAA. 9 U.S.C. § 9. A district court may vacate an arbitration award if the award was procured by corruption, fraud, or undue means; if there was evident partiality, corruption, or misconduct on the part of the arbitrator; or if the arbitrator exceeded his or her

---

[1] Former United States Magistrate Judge Jeffrey J. Keyes was appointed as the arbitrator.

authority.  9 U.S.C. § 10.  A district court may modify or correct an arbitration award if there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; if the arbitrator made an award on a matter that was not submitted to the arbitrator; or if the award "is imperfect in matter of form not affecting the merits of the controversy."  9 U.S.C. § 11.

These bases are the exclusive grounds for vacating, modifying, or correcting an arbitration award under the FAA's expedited confirmation procedure.  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).  A district court lacks the authority to reconsider the merits of an arbitration award.  *Med. Shoppe Int'l, Inc. v. Turner Inv., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010).  Rather, courts must give the arbitrator's decisions "an extraordinary level of deference" and should confirm the award as long as the arbitrator is "even arguably construing or applying the contract and acting within the scope of [the arbitrator's] authority."  *Crawford Grp., Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008) (internal quotation marks omitted); *see also Bhd. of Maint. of Way Emps. v. Terminal R.R. Ass'n*, 307 F.3d 737, 739 (8th Cir. 2002) (observing that the "scope of review of the arbitration award itself is among the narrowest known to the law").

I. **NBO3's Motion to Partially Vacate the Arbitration Award**

NBO3 moves to partially vacate the arbitration award, arguing that the arbitrator exceeded his authority by denying NBO3's claims for breach of the Agreement and misappropriation of confidential information. Prime Pork counters that the arbitrator acted within the scope of his authority, applied the plain language of the Agreement, and provided a reasoned basis for his award.

In support of its motion, NBO3 relies on Section 10(a)(4) of the FAA, which provides that an arbitration award may be vacated if the arbitrator "exceeded [his or her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). A party seeking relief under Section 10(a)(4) has a heavy burden. *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). "It is not enough . . . to show that the [arbitrator] committed an error— or even a serious error," because "an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Id.* (internal quotation marks omitted) (alterations in original). For these reasons, the only question to be decided by a court "is whether the arbitrator (even arguably) interpreted the parties' contract, not whether [the arbitrator] got its meaning right or wrong." *Id.* Because, unlike adjudication, arbitration "is designed primarily to avoid the complex, time-consuming and costly alternative of litigation," parties that choose to submit their disputes to arbitration relinquish some of the "controls and safeguards" of litigation. *Hoffman v. Cargill Inc.*, 236 F.3d 458, 462-63 (8th Cir. 2001).

NBO3 first argues that, although the arbitration award addresses certain categories of allegedly confidential information—namely, "the concept of selling omega-3-enhanced pork" and NBO3's "customer information"—the arbitrator failed to analyze *other* categories of allegedly confidential information, such as "information related to the creation of omega-3-enhanced pork." But an arbitrator is not required to elaborate the reasoning in support of an award. *El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.*, 247 F.3d 843, 847 (8th Cir. 2001) (rejecting argument that arbitrator's failure to make "an

4

express finding of fact" as to a particular issue warranted vacating the arbitration award). Here, after acknowledging that NBO3's claims allege misappropriation of "trade secrets and confidential information in violation of the provisions of Article V of the Agreement," the arbitration award analyzes NBO3's allegations and arguments and concludes that "NBO3 has not identified any alleged trade secret that Prime Pork would be using by selling Omega-3 enriched pork." The arbitration award clearly demonstrates that the arbitrator construed and applied the Agreement when rendering his decision. Notably, the arbitrator concluded that NBO3 had "not identified *any* alleged trade secret" being misappropriated. (Emphasis added.) The breadth of this conclusion establishes that the arbitrator considered *all* categories of allegedly confidential information, not only those categories of information expressly discussed in the arbitration award. NBO3 has not satisfied its burden to establish that vacating the arbitration award is warranted on this basis.

NBO3 next argues that, while the arbitrator was required to issue a "reasoned award," the arbitrator exceeded his authority by not expressly analyzing the allegedly confidential information pertaining to the creation of omega-3-enhanced pork. It is true that the arbitrator's preliminary hearing and scheduling order provides that "[t]he Arbitrator shall issue a reasoned award." NBO3 cites no legal authority from the Eighth Circuit as to what constitutes a "reasoned award," nor has the Court's research identified any such authority. Instead, NBO3 relies on the Second Circuit's definition:

> We agree with our sister Circuits, and hold today that a reasoned award is something more than a line or two of unexplained conclusions, but something less than full findings of fact and conclusions of law on each

> issue raised before the panel. A reasoned award sets forth the basic reasoning of the arbitral panel on the central issue or issues raised before it. It need not delve into every argument made by the parties.

*Leeward Constr. Co. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 640 (2d Cir. 2016) (collecting cases). Here, the 25-page written arbitration award clearly satisfies this standard. The arbitrator was not required to "delve into every argument" NBO3 made. *Id.* As such, NBO3's "reasoned award" argument lacks merit.

NBO3 next contends that, contrary to the arbitration award's conclusion, NBO3 did not agree to Prime Pork's use of customer information *after* the termination of the Agreement. In essence, NBO3 disputes the arbitrator's interpretation of the Agreement and his factual findings as to the scope of NBO3's consent to use customer information, asserting that the arbitrator ignored the plain language of the Agreement. But "Courts have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract." *Med. Shoppe Int'l*, 614 F.3d at 488. If the arbitrator "even arguably" interpreted the parties' contract, the arbitration award must stand. *Oxford Health Plans*, 569 U.S. at 569. Moreover, "[a] party who disagrees with an arbitrator's contractual interpretation can always characterize the decision as 'ignoring' language that favors that party's interpretation, but erroneous textual analysis is not a sufficient ground to vacate an award." *CenterPoint Energy Res. Corp. v. Gas Workers Union*, 920 F.3d 1163, 1167 (8th Cir. 2019).

Here, the arbitration award expressly finds that "NBO3 voluntarily consented to allow Prime Pork to take over the billing for the eleven largest customers of Prime Pork

products." The arbitration award also concludes that the Agreement "does not contain a non-circumvention or non-compete clause" and, therefore, provides no basis to "bar Prime Pork from doing business with all of the customers it was dealing with from May 2017 to May 2018," when the Agreement was in effect. The arbitration award clearly demonstrates that the arbitrator interpreted and applied the Agreement. Even if these findings or interpretations were erroneous, this Court has no authority to re-evaluate the arbitrator's findings of fact or contract interpretations. *See Med. Shoppe Int'l*, 614 F.3d at 488. As such, NBO3 has not satisfied its burden to establish that vacating the arbitration award is warranted on this basis.

For these reasons, NBO3's motion to partially vacate the arbitration award is denied.

## II. Prime Pork's Petition to Confirm the Arbitration Award

Prime Pork seeks confirmation of the arbitration award as against both NBO3 and H3, arguing that NBO3 and H3 are jointly and severally liable for the arbitration award. H3 opposes confirmation of the arbitration award as against it, asserting that the arbitration award imposes no liability as to H3.

Although NBO3 commenced the underlying arbitration, Prime Pork asserted counterclaims against both NBO3 and H3. The arbitration award does not grant any of Prime Pork's counterclaims as against H3, however. The amounts due to Prime Pork pursuant to the arbitration award are $4,533,916 for "[p]ast due NBO3 accounts receivable" and $142,569 for "[u]nreimbursed freight expenses." The arbitrator does not refer to H3 in his analysis of either the accounts receivable or freight expenses. In fact,

7

excluding the case caption, the arbitration award refers to H3 only four times in the entire 25-page arbitration award. And in none of these four references does the arbitrator determine, expressly or implicitly, that H3 is responsible for any aspect of the arbitration award. Moreover, the arbitration award provides that "[a]ll claims and counterclaims not expressly granted herein are expressly denied." Therefore, confirmation of the arbitration award must be limited to NBO3.

Prime Pork nonetheless asserts that, because the Agreement imposes joint obligations on NBO3 and H3, Minnesota law permits this Court to enter judgment jointly against NBO3 and H3. In support of this argument, Prime Pork relies on Minnesota Statutes Section 548.20, which provides:

> All parties to a joint obligation, including . . . all contracts upon which they are liable jointly, shall be severally liable also for the full amount thereof. They may be sued thereon jointly, or separate actions may be brought against each or any of them, and judgment rendered in each, without barring an action against any of those not included in such judgment, or releasing any of those not sued. The court, upon its own motion or on application of any interested party, may require the plaintiff to bring in as defendants all the parties jointly liable on the obligation in suit.

Minn. Stat. § 548.20. Prime Pork's argument is unavailing for several reasons.

First, because the arbitration award does not address the liability of H3, what Prime Pork seeks would require *modification*, as opposed to *confirmation*, of the arbitration award. Prime Pork has not sought modification of the arbitration award, nor has Prime Pork cited any legal authority that would permit this Court to modify the arbitration award in these circumstances. *See* 9 U.S.C. § 11 (listing the limited, exclusive

8

grounds for modifying or correcting an arbitration award); *accord Hall St. Assocs.*, 552 U.S. at 584.

Second, even if this Court were to construe Prime Pork's petition as a request to modify the arbitration award, there is no legal basis to grant that request here. As addressed above, a district court may modify or correct an arbitration award *only* if there was a material miscalculation of figures or material mistake in the description of a person, thing, or property; if the arbitrator made an award on a matter not submitted to the arbitrator; or if the award "is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. Prime Pork has not identified any such error, and the fact that the arbitrator made no findings or conclusions as to H3's liability does not clearly fit into any of the statutory bases for modifying an arbitration award.[2]

Third, Prime Pork's reliance on Section 548.20 is misplaced. Section 548.20 provides that, with respect to contracts in which multiple parties have joint obligations to which they are jointly liable, those parties "may be sued thereon jointly, or separate actions may be brought against each or any of them, and judgment rendered in each." Minn. Stat. § 548.20. In other words, Section 548.20 governs *how* and *against whom*

---

[2] After the August 27, 2019 hearing, Prime Pork submitted a letter in which Prime Pork argues, alternatively, that the Court should remand the arbitration award to the arbitrator for clarification. *See, e.g.*, *Domino Grp. v. Charlie Parker Mem'l Found.*, 985 F.2d 417, 420 (8th Cir. 1993) ("An ambiguous award should be remanded to the arbitrator[ ] so that the court will know exactly what it is being asked to enforce." (internal quotation marks omitted)). But Prime Pork has not demonstrated that the arbitration award is ambiguous. To the contrary, as addressed above, the arbitration award clearly acknowledges the existence of H3 but nonetheless declines to impose liability on H3 as to any aspect of the award. Prime Pork's remand argument is, therefore, unavailing.

9

actions may be pursued with respect to joint obligors to a contract, as well as the effect of judgments against such parties. Nothing in Section 548.20 authorizes a court to expand the scope of liability that has been determined by an arbitrator, and Prime Pork cites no legal authority to support such an interpretation. Moreover, even if Section 548.20 *required* judgment to be entered against all joint obligors to a contract, the arbitrator did not determine that H3 is a joint obligor under the Agreement. And, as addressed above, this Court lacks the authority to interpret the Agreement or otherwise reconsider the merits of the arbitration award because that authority rests solely with the arbitrator. *See Med. Shoppe Int'l*, 614 F.3d at 488. Rather, this Court's authority is limited to confirming, vacating, modifying, or correcting the arbitration award to the extent permitted by the FAA. *See* 9 U.S.C. § 9.

In summary, Prime Pork has not demonstrated that confirmation of the arbitration award may include judgment against H3. Accordingly, the arbitration award is confirmed and judgment shall be entered only as to NBO3.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Respondent NBO3 Technologies, LLC's motion to partially vacate the arbitration award, (Dkt. 23), is **DENIED**.

2. Petitioner Prime Pork, LLC's petition for confirmation of the arbitration award, (Dkt. 1), is **GRANTED**, and the March 28, 2019 arbitration award is **CONFIRMED** as addressed herein.

3.      The Clerk of Court shall enter judgment in favor of Prime Pork, LLC, and against Respondent NBO3 Technologies, LLC, in the amount of $1,915,120.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 13, 2019                         s/Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge